IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **VANESSA HAMILTON** and **KRISTIN SNYDER,** on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br>v.<br><br>**I.N.F.I. LLC**, and **JOSH AUDEN**,<br><br>    Defendants. | CASE NO.<br><br>**COLLECTIVE ACTION COMPLAINT**<br><br>**JURY DEMAND ENDORSED HEREON** |

Plaintiffs, Vanessa Hamilton ("Plaintiff Hamilton") and Kristin Snyder ("Plaintiff Snyder") (jointly "Plaintiffs"), by and through counsel, for their Complaint against Defendants, I.N.F.I., LLC ("Defendant INFI") and Josh Auden ("Defendant Auden") (jointly "Defendants"), state and allege the following:

## INTRODUCTION

1. This case challenges policies and practices of Defendants that violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*.

2. Plaintiffs bring this case as an FLSA "collective action" pursuant to 29 U.S.C. §216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." Plaintiffs bring this case on behalf of themselves and other "similarly situated" persons who have joined or may join this case pursuant to § 216(b) ("the Opt-Ins").

1

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. §1331 and 29 U.S.C. § 216(b).

4. Venue is proper in this judicial district and division pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this judicial district.

5. The Court has supplemental jurisdiction over the asserted Ohio claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

**PARTIES**

6. At all times relevant, Plaintiffs have been citizens of the United States, and have performed compensable work for Defendants within this district and division.

7. Defendant INFI is an Ohio limited liability company, with its principle place of business located in Warren, Ohio (Trumbull County). Defendant INFO can be served through its registered agent: United States Corporation Agents, Inc., at 3250 West Market Street, Suite 205, Fairlawn, OH 44333.

8. Defendant Auden is an individual residing, and can be served at 17454 Denver Dr., Lake Milton, OH 44429 (Mahoning County)

**FACTUAL ALLEGATIONS**

9. At all times relevant, Defendants were individually and jointly "employers" within the meaning of the FLSA.

10. Plaintiffs worked for Defendants within the three year statute of limitations.

11. Defendant INFI holds itself out as a "Technology Solutions Firm that specializes in networking and security systems working with major retailers and service providers across the United States."[1]

12. At all relevant times, Defendants comprised an enterprise within the meaning of 29 U.S.C. § 203(r), and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

13. At all relevant times, Plaintiffs and those similarly situated were "employees" of Defendants; however, Defendants misclassified Plaintiffs and those similarly situated as independent contractors.

14. Defendants jointly employed Plaintiffs and those similarly situated as field technicians or field techs to carry out tasks that are integral parts of Defendants' business.

15. The primary duties of Plaintiffs and those similarly situated consisted primarily of manual and non-exempt field work, such as installing alarm systems and other hardware, data cabinets, and running cables.

16. Defendant Auden, as owner and Chief Executive Officer of Defendant INFI, has had operational control over significant aspects of the day-to-day functions of Defendant INFI, including the day-to-day functions of Plaintiffs and others similarly situated.

17. Defendants shared authority to hire, fire and discipline employees, including Plaintiffs and others similarly situated.

18. Defendants shared authority to set rates and methods of compensation of Plaintiffs and others similarly situated.

---

[1] http://www.infillc.com/about-us.php (last viewed 3/3/19)

19. Defendants have had the authority to control the work schedules and employment conditions of Plaintiffs and others similarly situated.

20. Defendants have had ultimate authority and control of employment records.

21. Defendants have mutually benefitted from the work performed by Plaintiffs and others similarly situated.

22. Defendants have not acted entirely independently of each other and have not been completely disassociated with respect to Plaintiffs and others similarly situated.

23. Defendants shared the services of Plaintiffs and others similarly situated.

24. Defendants acted directly or indirectly in the interest of each other in relation to Plaintiffs and others similarly situated.

25. At all relevant times, Plaintiffs and those similarly situated were economically dependent upon Defendants.

26. Plaintiffs and those similarly situated did not need specialized skill or receive any specialized training in order to perform their primary duties for Defendants.

27. The profits and earnings of Plaintiffs and those similarly situated did not increase or decrease because of initiative, judgment, or foresight; and their opportunity for profit or loss was not dependent on their management skills or unique specialization.

28. Plaintiffs and those similarly situated were paid hourly.

29. Plaintiffs and those similarly situated did not make significant investments in equipment or materials, other than negligible items such as hand tools, much like tools that many people have for personal use.

30. Plaintiffs and those similarly situated were not required to have their own office space or engage in their own independent advertising as it relates to work performed as employees of Defendants.

31. Defendants prohibited Plaintiffs and others similarly situated from having any other jobs that were similar to the duties performed for Defendants.

32. Plaintiffs and those similarly situated worked sufficient hours for Defendants, including drive time, that it was practically impossible for them to work for other employers.

33. Plaintiffs and those similarly typically used their own personal vehicles when traveling for Defendants.

34. At all relevant times, Defendants had the right of control and did in fact control the manner in which Plaintiffs and those similarly situated performed their work for Defendants.

35. At all relevant times, Defendants jointly controlled the days worked, jobs taken, and compensation of Plaintiffs and those similarly situated.

36. Defendants disciplined similarly situated individuals for being late, and even fined others for not performing work as directed by Defendants.

37. Defendants required Plaintiffs and those similarly situated to wear uniforms, such as shirts with "I.N.F.I." logos, when working at certain worksites.

38. Plaintiffs and those similarly situated were required to travel to remote jobsites, some of which were sufficiently remote from their home communities that overnight stays were required. Plaintiffs and those similarly situated were not paid for this travel time, even when it cut across regular working hours.

39. Plaintiffs and those similarly were required to travel to more than one jobsite within a day. Plaintiffs and those similarly situated were not paid for this travel time.

**Unpaid Overtime**

40. Plaintiffs and those similarly situated frequently worked more than forty (40) hours in a single workweek, entitling them to overtime compensation under the FLSA.

41. Having misclassified Plaintiffs and those similarly situated, Defendants did not pay them one and one-half times their regular rates for hours worked in excess of 40 in a workweek.

42. Defendants did not pay Plaintiffs and those similarly situated for time spent traveling to remote jobsites, some of which required overnight stays. This pay was withheld even when it cut across regular working hours. This further increases the amount of unpaid overtime.

43. Defendants did not pay Plaintiffs and those similarly for time spent traveling from one jobsite to another within the same workday. This further increases the amount of unpaid overtime.

44. Defendants suffered and permitted Plaintiffs and those similarly situated to perform compensable off-the-clock work. This further increases the amount of unpaid overtime.

45. Plaintiffs and those similarly situated typically tracked hours, which would be sent to Defendants via invoice; however, Defendants would sometimes edit the recorded time before paying Plaintiffs and those similarly situated. This further increases the amount of unpaid overtime.

**COLLECTIVE ACTION ALLEGATIONS**

46. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

47. Plaintiffs bring this case as an FLSA "collective action" pursuant to 29 U.S.C. §216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may

6

be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

48. Defendants' current and former field technicians who are "similarly situated" to Plaintiffs with respect to Defendants' FLSA violations consisting of the following collective:

> **All present and former hourly field technicians who performed work for Defendants and worked more than 40 hours in a workweek during the period three (3) years preceding the commencement of this action through its final disposition ("FLSA Collective")**.

49. Such persons are "similarly situated" with respect to Defendants FLSA violations in that all were hourly field technicians of Defendants, all were subjected to and injured by Defendants' unlawful practice of failing to pay their hourly field technicians for all overtime earned and of failing to pay for all time worked.

50. The FLSA Collective members have the same claims against Defendants for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

51. Conditional certification of this case as a collective action pursuant to 29 U.S.C. §216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

52. Plaintiffs cannot yet state the exact number of similarly situated persons. Such persons are readily identifiable through the payroll records Defendants is presumed to have maintained, and was required to maintain, pursuant to the FLSA.

53. Because of Defendants' acts and omissions described herein, Defendants failed to make, keep, and preserve records of the required and unpaid work performed by Plaintiffs and other similarly situated employees. To the extent Defendants failed to keep records as required by law, Plaintiffs and those similarly situated are entitled to a reasonable estimate of hours worked.

## COUNT ONE
### (Violations of the FLSA)

54. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

55. Plaintiffs bring this claim for violation of the FLSA's overtime provisions on behalf of themselves and the Opt-Ins who will join this case pursuant to 29 U.S.C. § 216(b). Plaintiffs' written consents to become parties to this action pursuant to § 216(b) are being filed along with this Complaint, and are attached as **Exhibit A**.

56. The FLSA requires that non-exempt employees be paid at a rate of one and one-half times their regular rate for every hour worked in excess of 40 in a workweek.

57. Defendants had a companywide policy of failing to pay Plaintiffs and the Opt-Ins overtime compensation for hours worked in excess of forty (40) in a workweek.

58. Defendants knew or should have known that their conduct described herein violated the law. By engaging in these practices, Defendants willfully violated the FLSA and regulations thereunder that have the force and effect of law.

59. As a result of Defendants' violations of the FLSA, Plaintiffs and those similarly situated were injured in that they did not receive all overtime compensation due to them pursuant to the FLSA. Section 216(b) of the FLSA entitles them to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." Section 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

60. As a result of Defendants' practices, Plaintiffs and the FLSA Collective members have been damaged in that they have not received wages due to them pursuant to the FLSA; and because wages remain unpaid, damages continue.

8

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that the Court:

A. Conditionally certify the FLSA Collectives pursuant to 29 U.S.C. §216(b) and direct that Court-approved notice be issued to similarly situated persons informing them of this action and enabling them to opt in;

B. Enter judgment against Defendants, jointly and severally, and in favor of Plaintiffs and the putative Opt-Ins;

C. Award compensatory damages to Plaintiffs and the putative Opt-Ins in the amount of their unpaid wages as well as awarding Plaintiffs and the putative Opt-Ins liquidated damages in an equal amount;

D. Award pre- and post-judgment interest to the fullest extent of the law; and

E. Award Plaintiffs their costs and attorneys' fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

Respectfully submitted,

**Nilges Draher LLC**

*/s/ Robi J. Baishnab*
Robi J. Baishnab (0086195)
34 N. High St., Ste. 502
Columbus, OH 43215
Telephone: (614) 824-5770
Facsimile: (330) 754-1430
Email: rbaishnab@ohlaborlaw.com

Hans A. Nilges (0076017)
Shannon M. Draher (0074304)
7266 Portage Street, N.W., Suite D
Massillon, OH 44646
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: hans@ohlaborlaw.com
       sdraher@ohlaborlaw.com

*Counsel for Plaintiffs*

## **JURY DEMAND**

Plaintiffs hereby demand a trial by jury on all issues so triable.

*/s/ Robi J. Baishnab*
Counsel for Plaintiffs
